1

2

3

4                    UNITED STATES DISTRICT COURT

5                  NORTHERN DISTRICT OF CALIFORNIA

6

7    ERIK MATA,                          Case No.  14-cv-03974-HSG (PR)

                 Petitioner,
8                                         **ORDER GRANTING RESPONDENT'S**
            v.                            **MOTION TO DISMISS; DENYING**
9                                         **CERTIFICATE OF APPEALABILITY**
10   BARNES, Warden,                      Re: Dkt. No. 9

                 Respondent.
11

12

13        Petitioner, a *pro se* prisoner, filed this action for a writ of habeas corpus pursuant to 28

14   U.S.C. § 2254 challenging his gang validation on due process grounds.  Respondent has moved to

15   dismiss the petition as untimely.  Petitioner did not file any opposition to the motion, and the time

16   to do so has passed.

17                              **BACKGROUND**

18        On December 2, 2009, petitioner's jailors at Pelican Bay State Prison validated him as a

19   gang associate of the Mexican Mafia prison gang.  Ex. 1.[1]  Petitioner will be eligible for an

20   active/inactive review of his gang status in July 2015.  *Id.*  Petitioner filed an administrative appeal

21   through the prison appeals process, and the appeal was denied at the final level of review on June

22   22, 2010.  Ex. 2.

23        On May 19, 2011, petitioner filed a habeas petition in the Del Norte County Superior

24   Court.[2]  Ex. 3.  That petition was denied on May 3, 2013.  Ex. 4.

25   _____

26   [1] All references herein to exhibits are to the exhibits submitted by respondent in support of the
     motion to dismiss.
27
     [2] All filing dates reflect the application of the prison mailbox rule, which deems a *pro se*
28   prisoner's documents filed when he gives them to prison officials to mail to the court.
     *See Stillman v. LaMarque,* 319 F.3d 1199, 1201 (9th Cir. 2003).  Here, all filing dates refer to the

United States District Court
Northern District of California

1        On May 31, 2013, petitioner filed a habeas petition in the California Court of Appeal.  Ex.

2   5.  That petition was denied on June 20, 2013.  Ex. 6.

3        On October 30, 2013, petitioner filed a habeas petition in the California Supreme Court.

4   Ex. 7.  That petition was denied on February 11, 2014.  Ex. 8.

5        On July 29, 2014, petitioner filed his federal habeas petition in this Court.

6                                    **DISCUSSION**

7        The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became law on

8   April 24, 1996 and imposed for the first time a statute of limitations on petitions for a writ of

9   habeas corpus filed by state prisoners.  Petitions filed by prisoners challenging non-capital state

10  convictions or sentences must be filed within one year of the latest of the date on which: (1) the

11  judgment became final after the conclusion of direct review or the time passed for seeking direct

12  review; (2) an impediment to filing an application created by unconstitutional state action was

13  removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was

14  recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and

15  made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have

16  been discovered through the exercise of due diligence.  28 U.S.C. § 2244(d)(1).  Time during

17  which a properly filed application for state post-conviction or other collateral review is pending is

18  excluded from the one-year time limit.  *Id.* § 2244(d)(2).

19        Section 2244's one-year limitation period applies to all habeas petitions filed by persons in

20  "custody pursuant to the judgment of a State court," even if the petition challenges an

21  administrative decision rather than a state court judgment.  *Shelby v. Bartlett*, 391 F.3d 1061, 1063

22  (9th Cir. 2004) (quoting 28 U.S.C. § 2244(d)(1)).  For prisoners challenging administrative

23  decisions such as the revocation of good time credits or the denial of parole, section 2244(d)(1)(D)

24  applies.  *See id.* at 1066.  Under section 2244(d)(1)(D), the one-year limitation period starts on the

25  date upon which "the factual predicate of the claim or claims presented could have been

26

27  _____

    date petitioner signed each petition because that is the earliest possible date he could have
28  submitted the petition to prison officials for mailing.

                                         2

discovered through the exercise of due diligence." The time begins "when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance." *Hasan v. Galaza*, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001); *see Redd v. McGrath*, 343 F.3d 1077, 1079 (9th Cir. 2003) (limitations period began to run when the Board denied prisoner's administrative appeal challenging denial of parole).

Here, the Court finds that June 22, 2010, the date of the final denial of petitioner's administrative appeal, constitutes the factual predicate for the claims in this case. Therefore, section 2244(d)'s one-year limitation period began running against petitioner the next day – June 23, 2010. Thus, petitioner had one year from the time the limitations period started running – or until June 22, 2011 – to file his federal habeas petition, absent tolling. Petitioner did not file the present petition until July 29, 2014, over three years after the limitations period had expired. The petition is therefore untimely unless petitioner can show that he is entitled to tolling.

**A.      Statutory Tolling**

Petitioner does not claim he is entitled to statutory tolling. Even if petitioner had claimed such tolling, however, he would not be eligible for it. Pursuant to 28 U.S.C. § 2244, the one-year limitations period is tolled for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *See* 28 U.S.C. § 2244(d)(2). An application for review remains "pending" in state court until it "has achieved final resolution through the State's post-conviction procedures." *Carey v. Saffold*, 536 U.S. 214, 220 (2002).

Here, the statute of limitations began to toll on May 19, 2011, when the mailroom at petitioner's penal institution received his first state petition directed to the Del Norte County Superior Court. Tolling of the statute ended on February 11, 2014, when the California Supreme Court denied his petition. The time between June 23, 2010, when the statute began to run, and May 19, 2011, the day petitioner filed his petition in the Del Norte County Superior Court, was 330 days. The time between February 11, 2014, the day the California Supreme Court denied his petition, and July 29, 2014, when Petitioner filed his federal petition, was 168 days. This is a total of 498 untolled days (330 + 168). Subtracting one year from this time shows that petitioner's

3

1    petition was filed 133 days after the one-year statute of limitations expired (498 – 365 = 133).

2         Accordingly, the Court finds the petition is not rendered timely on the basis of statutory

3    tolling.

4    **B.      Equitable Tolling**

5         AEDPA's one-year statute of limitations is subject to equitable tolling in appropriate

6    circumstances.  *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010).  "[A] petitioner is entitled to

7    equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that

8    some extraordinary circumstance stood in his way and prevented timely filing."  Id. at 2562

9    (internal quotation marks and citation omitted); *accord Miles v. Prunty*, 187 F.3d 1104, 1107 (9th

10   Cir. 1999) ("When external forces, rather than a petitioner's lack of diligence, account for the

11   failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate.").

12   The diligence required to establish entitlement to equitable tolling is "reasonable diligence."

13   *Holland*, 130 S. Ct. at 2565.

14        Petitioner bears the burden of showing "extraordinary circumstances were the cause of his

15   untimeliness."  *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (internal quotation marks and

16   citation omitted).  Where a petitioner fails to show "any causal connection" between the grounds

17   upon which he asserts a right to equitable tolling and his inability to timely file a federal habeas

18   application, the equitable tolling claim will be denied.  *Gaston v. Palmer*, 417 F.3d 1030, 1034-35

19   (9th Cir. 2005).  Further, such petitioner must show "his untimeliness was caused by an external

20   impediment and not by his own lack of diligence."  *Bryant v. Arizona Attorney General*, 499 F.3d

21   1056, 1061 (9th Cir. 2007) (citing *Roy v. Lampert*, 465 F.3d 964, 973 (9th Cir. 2006)).

22        Petitioner does not argue he was prevented from filing his petition on time.  Nor is there

23   anything in the record to support such a finding.

24        Accordingly, the Court finds the petition is not rendered timely on the basis of equitable

25   tolling.

                                      **CONCLUSION**

26   For the foregoing reasons:

27   1.  Respondent's motion to dismiss the instant petition as untimely is GRANTED.

28

United States District Court
Northern District of California

4

2.  Petitioner has not shown "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, a certificate of appealability is DENIED.

3.  The Clerk shall terminate all pending motions, enter judgment, and close the file.

**IT IS SO ORDERED.**

Dated:  5/4/2015

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge

United States District Court
Northern District of California

5